ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KEVIN B. FINN
Assistant United States Attorney
Calif. Bar No. 128072
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6739
    Fax:         894-7327
    email:   kevin.finn@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DANNY JOE HIRSCHFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY AND UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. CV 11-7237 R (JEM)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>DATE: June 19, 2012<br>TIME: 10:00 a.m.<br>CTRM: C<br><br>Honorable John E. McDermott |

TO PLAINTIFF DANNY JOE HIRSCHFIELD:

NOTICE IS HEREBY GIVEN to plaintiff Danny Joe Hirschfield that the Federal Defendants, U.S. Department of Homeland Security and United States of America, will bring for hearing a motion to dismiss before the Honorable John E. McDermott, United States Magistrate Judge, at the United States District Courthouse, Courtroom C, 312 N. Spring Street, Los Angeles,

1 California 90012, on Tuesday, June 19, 2012, at 10:00 a.m., or
2 as soon thereafter as the parties may be heard.
3     This motion is made pursuant to Rules 12(b)(1) and
4 12(b)(6) of the Federal Rules of Civil Procedure on the
5 grounds that the Court has no subject matter jurisdiction
6 herein, and that plaintiff's complaint fails to state a cause
7 of action upon which relief may be granted.
8     This motion will be based upon these moving papers, the
9 Memorandum of Points and Authorities filed herein, and such
10 other and further arguments as may be submitted to the Court
11 in the future.
12     This motion is exempt from the conference of counsel
13 requirements of Local Rule 7-3 as plaintiff is pro se.

DATED: May 11, 2012

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

    /s/ Kevin B. Finn
KEVIN B. FINN
Assistant United States Attorney

Attorneys for Federal Defendant

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

On September 7, 2011, plaintiff Danny Joe Hirschfield Esq. filed his Complaint "against[1] U.S. Dept. of Homeland Security Federal Protective Service ICE" for money damages for alleged pain, suffering and constitutional violations. (Compl. p. 1.) Plaintiff does not allege any specific causes of action but appears to seek money damages for alleged "wrongful arrest, harassment, use of excessive force, bodily injury and false imprisonment." (Id., p. 8.)

On August 8, 2011, the District Court for the District of Columbia transferred the case to this Court. On May 10, 2012, the Federal defendants filed a Notice of Substitution substituting the United States of America for Edward Lott and a proposed Order Correcting Caption on May 8, 2013, and the Court ordered the caption corrected to reflect the substitution of the United States for Edward Lott.

II. ARGUMENT

A. Legal Standard Governing Rule 12(b)(1) Motions

A party mounting a Rule 12(b)(1) challenge to the Court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the Court's consideration. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In either case, plaintiff bears the burden of demonstrating that the Court has subject matter jurisdiction to hear the action. See Kokkonen v. Guardian Life Ins. Co.,

---

[1] Plaintiff's complaint is handwritten in capital letters. Defendant has used lower case letters in quotations from plaintiff's complaint unless a capital letter is appropriate.

511 U.S. 375, 377 (1994); Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). In deciding a factual jurisdictional attack, Courts may weigh the evidence presented, and determine the facts in order to evaluate whether they have the power to hear the case. See Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

B. Sovereign Immunity Bars Plaintiff's Claims

An action against the United States is barred, and no subject matter jurisdiction exists, if the United States has not explicitly waived its sovereign immunity against suit. See, e.g., United States v. Mitchell, 463 U.S. 206, 212 (1983)("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"); Kaiser v. Blue Cross of California, 347 F.3d 1107, 1117 (9th Cir. 2003); Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1996). "When the government is sued, the plaintiff in that suit bears the burden of showing that the government has waived its sovereign immunity." Krieg v. Mills, 117 F.Supp.2d 964, 967 (N.D. Cal. 2000)(citing Sopcak v. Northern Mountain Helicopter Service, 52 F.3d 817, 818 (9th Cir. 1995)).

"Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.'" Hodge, 107 F.3d at 707 (quoting Lehman v. Nakshian, 453 U.S. 156, 160 (1981)). "As the party asserting a claim against the United States, [plaintiff has] the burden of 'demonstrating an unequivocal waiver of immunity.'" United

1 States v. Park Place Associates, Ltd., 563 F.3d 907, 924 (9th
2 Cir. 2009)(quoting Cunningham v. United States, 786 F.2d 1445,
3 1446 (9th Cir. 1986)). Thus, "[u]nless [plaintiff] satisf[ies]
4 the burden of establishing that [her] action falls within an
5 unequivocally expressed waiver of sovereign immunity by
6 Congress, it must be dismissed." Dunn & Black, P.S. v. United
7 States, 492 F.3d 1084, 1088 (9th Cir. 2007). Indeed, until
8 such a showing is made, "[i]t is to be presumed that [the]
9 cause lies outside this limited jurisdiction." Kokkonen, 511
10 U.S. at 377.

    C. The Court Lacks Jurisdiction

    1. Plaintiff's Tort Claims Should be Dismissed

Plaintiff sues the Department of Homeland Security, Federal Protective Service ("D.H.S."), for allegedly handcuffing him violently and twisting his wrist. Plaintiff also appears to raise a claim against either the Federal Public Defenders Office or the District Court for depriving him of life, liberty and property without due process when the Court allegedly issued a bench warrant for plaintiff. (Compl., p. 5.) Plaintiff alleges that he received misinformation from the Public Defenders Office regarding the status of the warrant. (Id., p. 4-5.) Plaintiff also appears to allege that the Court violated his constitutional rights when it issued the warrant without bail. (Id., p. 5.)

Plaintiff appears to be attempting to raise tort claims against D.H.S. because he seeks money damages and alleges personal injuries as a result of the wrongful actions of its officers while on duty. However, it is axiomatic that the

1 United States, as sovereign, is immune from suit except to the
2 extent it consents to be sued.  See United States v. Mitchell,
3 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed. 607 (1980); Hill
4 v. United States, 571 F.2d 1098, 1101 (9th Cir. 1978).  D.H.S.
5 is not a corporate entity which Congress has authorized to be
6 sued *eo nomine*; the party who sues the sovereign bears the
7 burden of pointing to such an unequivocal waiver of sovereign
8 immunity.  Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir.
9 1983).  Congress has not authorized an action against D.H.S.
10 *eo nomine*, and as such, the Court lacks jurisdiction over
11 D.H.S. for any claims.
12     Pursuant to the Federal Tort Claims Act, ("FTCA"), 28
13 U.S.C. § 2670 et seq., the United States has substituted into
14 the action.  The F.T.C.A. is the exclusive procedure and
15 remedy for recovery in connection with a tort committed by the
16 United States, an agency of the United States or employee of
17 the United States acting in his official capacity. 28 U.S.C. §
18 2679.
19     Under the FTCA, an action against the United States is
20 the only remedy available for an agency's tortious action.
21 Therefore, the Court lacks jurisdiction over an action against
22 D.H.S. for its alleged tortious conduct.  As such, an action
23 under 28 U.S.C. § 2674 cannot be brought against D.H.S.
24 Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410 (1952).  Since
25 plaintiff has not named either the Public Defenders Office or
26 the District Court, any claims plaintiff potentially alleges
27 against them can be dismissed.
28     Finally, plaintiff has not alleged exhaustion of his

administrative tort remedies before bringing a tort action. Under the FTCA, a party may not maintain an action at law against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied." 28 U.S.C. § 2675(a). This claim presentation requirement is an absolute prerequisite to subject matter jurisdiction in the District Court, and it cannot be waived. See Burns v. United States, 764 F.2d 722, 724 (9th Cir. 1985); Blain v. United States, 522 F.2d 289, 291 (9th Cir. 1977).

The burden is upon the plaintiff to affirmatively plead that it has complied with this claim requirement. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980). Therefore, the Court should dismiss plaintiff's tort claims against both D.H.S. and the United States.

### 2. The Court Should Dismiss Any Other Claims

Plaintiff appears to allege violations of the constitution against both D.H.S. and either the Federal Public Defenders Office or the District Court. To the extent plaintiff raises claims arising from constitutional violations, the Court lacks jurisdiction over those claims. The United States has not waived its sovereign immunity for constitutional claims against either itself or against any of its agencies, such as D.H.S. See, F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 994, 1005-06 (1994); Daly-Murphy v. Winston, 837 F.2d 348, 356 (9th Cir. 1987)("[a]n individual may not maintain a Bivens action for monetary damages against the United States.")

1   Therefore, the Court should dismiss the remainder of the
2   complaint to the extent it raises constitutional violations
3   against D.H.S. or the United States.  As mentioned above,
4   since neither the Public Defenders Office nor the District
5   Court is a party to the action, any allegations against them
6   are not at issue and should not preclude dismissal of the
7   complaint.

### III. CONCLUSION

9   Therefore, plaintiff has failed to establish jurisdiction
10  over D.H.S. or the United States for the claims alleged in his
11  complaint.  As such, the Court should grant the motion and
12  dismiss the action for lack of jurisdiction.

DATED: May 11, 2012

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

  /s/ Kevin B. Finn
KEVIN B. FINN
Assistant United States Attorney

Attorneys for Federal Defendants