UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JOE HIRSCHFIELD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY AND UNITED STATES OF AMERICA,<br><br>　　　　　　Defendants. | Case No. CV 11-7237-R (JEM)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The Court submits this Report and Recommendation to the Honorable Manuel L. Real, United States District Judge, pursuant to 28 U.S.C. Section 636 and General Order 05-07 of the United States District Court for the Central District of California.

**INTRODUCTION**

On August 8, 2011, Danny Joe Hirschfield ("Plaintiff"), proceeding pro se and in forma pauperis, filed a complaint in the District of Columbia against the "U.S. Dept. of Homeland Security (FPS) Federal Protective Service ICE," alleging "violations of the U.S. Constitution." (Complaint at 1.) Thereafter, the case was transferred to the Central District of California. It appears that a summons was issued in error to Edward Lott in his official capacity as an officer of the United States Department of Homeland Security ("DHS"), even though Plaintiff had not named Edward Lott anywhere in the Complaint.

On May 10, 2012, Defendants filed a Notice of Substitution, explaining that Edward Lott had been issued a summons erroneously, and requesting that the United States of America be substituted for Edward Lott. The Court granted Defendants' request and ordered the caption corrected to reflect the substitution.

On May 11, 2012, Defendants filed a Motion to Dismiss ("Motion") pursuant to Fed. R. Civ. P. 12(b)(1) and 12 (b)(6) for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted. On June 8, 2012, Plaintiff filed a "Reply to the Motion for Case Dismissal," in which he indicated that he is "in favor of dismissing" the case. On June 11, 2012, the Court issued a minute order directing Plaintiff to file a notice of dismissal as soon as possible or to file an Opposition to the Motion by June 25, 2012. On June 28, 2012, after Plaintiff failed to respond to the minute order, Defendants filed a Notice of Non-Receipt of Opposition and Reply Regarding Motion to Dismiss.

The Motion is now ready for decision. For the reasons set forth below, the Court recommends that the Motion be granted.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he suffered damages as a result of "violations of the U.S. Constitution" inflicted on him by Defendants. (Complaint at 1.) Plaintiff alleges that he was subject to an unlawful search and seizure by DHS agents without probable cause and suffered injuries as a result of excessive force used against him when he was arrested. (Complaint at 1-2, 5-6.) Plaintiff also claims that his constitutional right to due process was violated either by the Federal Public Defender's Office or the District Court when the Court issued a bench warrant for Plaintiff. (Complaint at 5.) Plaintiff alleges that he received misinformation from the Public Defender's Office regarding the status of the warrant. (Complaint at 4-5.) Plaintiff also alleges that the Court violated his constitutional rights when it issued the warrant without bail. (Complaint at 5.) Plaintiff seeks money damages for alleged "wrongful arrest, harassment, use of excessive force, bodily injury and false imprisonment, etc., etc., etc." (Complaint at 8; see also Complaint at 1.)

**ANALYSIS**

**I.    Standards for a Rule 12(b)(1) Motion to Dismiss**

A party asserting a Rule 12(b)(1) challenge to the Court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the Court's consideration. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In either case, the plaintiff bears the burden of demonstrating that the Court has subject matter jurisdiction to hear the action. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). In deciding a factual jurisdictional attack, a court may weigh the evidence presented and determine the facts in order to evaluate whether it has the power to hear the case. See Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

**II.    Civil Rights Claims**

The United States is a sovereign and may not be sued for money damages without its consent. United States v. Testan, 424 U.S. 392, 399 (1976); see also United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). A suit for damages against a federal agency is essentially a suit against the United States and is also barred by sovereign immunity absent statutory consent. Gilbert v. DaGrossa, 756 F.2d 1455, 1460 & n.6 (9th Cir. 1985). The United States has not waived its sovereign immunity for actions seeking damages for constitutional violations. Id. at 1460; see also Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir. 1984) (Fourth Amendment claim for damages against the United States barred by sovereign immunity); Holloman v. Watt, 708 F.2d 1399, 1401–02 (9th Cir. 1983) (sovereign immunity bars due process claim for damages against federal defendants). "Where a suit has not been consented to by the United States, dismissal of the action is required." Gilbert, 756 F.2d at 1458.

Plaintiff has brought suit against the United States and DHS, a federal agency. He alleges that his civil rights were violated in connection with incidents involving DHS agents, the Federal Public Defender's Office, and the United States District Court. Plaintiff seeks

only damages. (Complaint at 1, 8.) Accordingly, Plaintiff's constitutional claims against DHS and the United States are barred by the doctrine of sovereign immunity and must be dismissed for lack of subject matter jurisdiction. See Gilbert, 756 F.2d at 1458; Arnsberg, 757 F.2d at 980; Holloman, 708 F.2d at 1401–02.

### III. Tort Claims

To the extent that the Complaint can be construed as asserting tort claims against Defendants, such claims also must be dismissed. The Federal Torts Claims Act ("FTCA") provides the exclusive remedy for torts committed by federal employees. 28 U.S.C. § 2679; see also Pereira v. U.S. Postal Service, 964 F.2d 873, 876 (9th Cir. 1992). The FTCA expressly prohibits any action from being instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). This administrative exhaustion requirement is mandatory and jurisdictional. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Plaintiff bears the burden of establishing jurisdiction under the FTCA. See Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). A court lacks jurisdiction over FTCA claims unless the plaintiff specifically alleges compliance with the FTCA's administrative exhaustion requirement. See Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") (internal citation omitted). A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite. Id.

Plaintiff fails to establish that he has complied with the administrative exhaustion requirement of 28 U.S.C. § 2675(a). As such, any claims under the FTCA must be dismissed for lack of subject matter jurisdiction.

**RECOMMENDATION**

THE COURT, THEREFORE, RECOMMENDS that the District Court issue an Order: (1) accepting the Report and Recommendation; (2) granting Defendants' Motion to Dismiss the Complaint for lack of subject matter jurisdiction; and (3) directing that Judgment be entered dismissing the action without prejudice.

DATED: July 3, 2012

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ John E. McDermott
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JOHN E. MCDERMOTT
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

# PROPOSED

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JOE HIRSCHFIELD,<br><br>     Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY AND UNITED STATES OF AMERICA,<br><br>     Defendants. | Case No. CV 11-7237-R (JEM)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

  Pursuant to 28 U.S.C. Section 636, the Court has reviewed the pleadings, the records on file, and the Report and Recommendation of the United States Magistrate Judge. The Court accepts the findings and recommendations of the Magistrate Judge.

  IT IS HEREBY ORDERED that: (1) Defendants' Motion to Dismiss for lack of subject matter jurisdiction be granted; and (2) Judgment be entered dismissing the action without prejudice.

DATED: _____

                       MANUEL L. REAL
                     UNITED STATES DISTRICT JUDGE

# PROPOSED

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JOE HIRSCHFIELD,<br><br>            Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY AND UNITED STATES OF AMERICA,<br><br>            Defendants. | Case No. CV 11-7237-R (JEM)<br><br>**J U D G M E N T** |

      In accordance with the Order Accepting Findings and Recommendations of United States Magistrate Judge filed concurrently herewith,

      IT IS HEREBY ADJUDGED that the action is dismissed without prejudice.

DATED: _____

                                                                           MANUEL L. REAL<br>
                                                    UNITED STATES DISTRICT JUDGE